**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-02344-RMR

A.A.G.R.,

      Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

**ORDER**

---

Petitioner A.A.G.R. ("Petitioner") is a citizen of Nicaragua who entered the United States in September 2022. ECF No. 1 ¶¶ 8, 24. Upon entry, Petitioner requested asylum and was paroled into the United States on his own recognizance. *Id.* ¶ 25. On December 6, 2026, Petitioner was pulled over by police officers without a warrant or articulated violation. *Id.* ¶ 28. Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody and have kept him in detention since that time. *Id.* ¶ 29. Prior to his detention, Petitioner lived with a sponsor in Aurora, Colorado. *Id.* ¶ 27. Since being detained, Petitioner has not received the cancer or HIV treatment he needs. *Id.* ¶ 30. Instead, he was sexually assaulted by a detention facility clinician. *Id.* ¶ 31. Petitioner reported the incident and submitted several grievances to detention facility officials regarding his

medical conditions and failure to receive treatment. *Id.* ¶ 33. He fears further attacks but needs medical attention. *Id.* ¶ 36. Petitioner has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241, ECF No. 1,[1] seeking "immediate release with all of his personal property, including any driver's license, passport, employment authorization documents, and any identification cards" or "a bond hearing at which the government bears the burden of proof by clear and convincing evidence." ECF No. 1 at 25.

The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225. This Court previously analyzed the statutory framework and determined that "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years," *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025), and joined the chorus of courts in this district and around the

---

[1] Respondents filed a Response, ECF No. 13, and Petitioner filed a Reply, ECF No. 14. Petitioner also filed a Motion for Leave to Proceed Under Pseudonym, ECF No. 4, Motion for Temporary Restraining Order, ECF No. 5, and Motion for Order to Show Cause, ECF No. 6. Magistrate Judge Prose entered a Recommendation regarding Petitioner's Motion for Leave to Proceed Under Pseudonym, ECF No. 9, and a separate Recommendation regarding Petitioner's Motion for Order to Show Cause, ECF No. 10. Magistrate Judge Prose recommends granting the Motion for Leave to Proceed Under Pseudonym and denying as moot the Motion for Order to Show Cause. No party has objected to the Recommendations. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendations are a correct application of the facts and the law and accepts and adopts the Recommendations. ECF Nos. 9-10.

nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

Since then, the Tenth Circuit has also spoken and articulated in great detail the reasons why noncitizens "in the country's interior," like Petitioner, are not subject to mandatory detention under § 1225(b)(2). *See generally, Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). The Tenth Circuit concluded that, "[b]ased on the statutory text and context . . . "§1225(b)(2)(A)'s application is limited to the border." *Id.* at *8. Because Petitioner has resided in the United States and was not detained at the border, he is improperly detained under § 1225.

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

### CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Recommendation by Magistrate Judge Prose (ECF No. 9) is **ACCEPTED AND ADOPTED**, and the Motion for Leave to Proceed Under Pseudonym (ECF No. 4) is **GRANTED**;

3. The Recommendation by Magistrate Judge Prose (ECF No. 10) is **ACCEPTED AND ADOPTED**, and the Motion for Order to Show Cause (ECF No. 6) is **DENIED AS MOOT**;

4. Respondents shall provide Petitioner a bond hearing no later than **July 7, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

5. On or before **July 9, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

6. Because the Court's ruling affords Petitioner the relief he seeks, Petitioner's Motion for Temporary Restraining Order (ECF No. 5) and Emergency Motion for Temporary Restraining Order (ECF No. 17) are **DENIED AS MOOT**.

DATED: July 2, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge