IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 26-cv-02344-RMR

A.A.G.R.,

      Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

## ORDER

---

On July 2, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner a bond hearing no later than July 7, 2026. ECF No. 20. On July 9, 2026, Respondents filed a Status Report informing the Court that Petitioner received a bond hearing on July 7, 2026 and that the Immigration Judge ("IJ") denied bond based on a finding that Petitioner is a danger to the community. ECF No. 21. Later that day, Respondents filed a Supplemental Status Report indicating that they were still waiting on the IJ's written memorandum explaining the decision. ECF No. 22. The next day, Petitioner filed the instant Motion to Enforce or, in the Alternative, for Alternative Ruling. ECF No. 23. Respondents have not filed a response.

In his Motion, Petitioner argues that Respondents have not complied with the Court's order in justifying his physical custody through clear and convincing evidence. ECF No. 23 at 2. The evening before the bond hearing, Respondents filed a Form I-213, which is "an 'official record' prepared by immigration officials when initially processing a person a person suspected of being in the United States without lawful permission." *Zuniga-Perez v. Sessions*, 897 F.3d 114, 119 n.1 (2d Cir. 2018). "A Form I-213 is considered 'presumptively reliable' and admissible even absent the testimony of the officer who prepared it, unless 'the reliability of the form is somehow undermined.'" *Id.* In this case, the Form I -213 was not accepted by the immigration court onto the docket until the day of Petitioner's bond hearing, and Petitioner's counsel could not review it until that day. ECF No. 23 at 3. "The Form I-213 listed a conviction for driving without a license, for which [Petitioner] received a suspended sentence, community service, and probation." *Id.* The Form I-213 did not reference any other criminal history.

At the bond hearing, Respondents argued that Petitioner "was a danger because he drove without a license, potentially without insurance, and that a DUI was listed in the system." *Id.* at 3-4. DHS counsel acknowledged the DUI was not listed on the Form I-213. *Id.* At the hearing, Petitioner was asked about the DUI on cross-examination. He acknowledged he had been arrested for a DUI after "he attended a birthday party" and slept in his car instead of driving home. *Id.* at 4. He testified that he was awakened at 6:00 a.m. and forced to move his car. *Id.* Due to transmission issues with his car, he hit a neighbor's car, but no one was injured. *Id.*

To be sure, Immigration Judge Masters conducted a bond hearing by the deadline ordered by this Court. Respondents filed their Status Report in compliance with the Court's order and notified the Court that Petitioner had received a bond hearing and that the bond was denied. ECF No. 21. Respondents provided the Court with Immigration Judge Masters' "Order of the Immigration Judge" dated July 8, 2026, stating the request for a change in custody status was "Denied, because Danger – See bond memorandum." ECF No. 21-1 at 2. Immigration Judge Masters' order provided no further information about her decision. *Id.* The record reflects that three days later, Immigration Judge Masters issued "Bond Decision of the Immigration Judge." ECF No. 23-1. In her decision, Immigration Judge Masters she correctly stated that "when evaluating a respondent[']s petition for custody determination, an IJ must consider whether an alien is a danger to [the] community, a risk to national security, or a flight risk." *Id.* at 3. Immigration Judge Masters concluded that Petitioner is a danger to the community and, therefore, did not and need not engage in the analysis of whether bond should be granted.[1]

Immigration Judge Masters further stated DHS did not contest that, per this Court's Order, Respondents bear the burden of proof of demonstrating by clear and convincing evidence that Petitioner is a danger to community. *Id* at 3. Then, she applied the clear and convince standard in her conclusion—that Petitioner's "alleged disregard of the law and the community's safety coupled with the inherently deadly consequences of drinking

---

[1] Immigration Judge Masters appropriately refers to A.A.G.R. as "Respondent" in her decision. For consistency and clarity in this district court case, the Court will refer to A.A.G.R. as "Petitioner" in this Order.

and driving, render his DUI arrest and conviction severe enough that the DHS has shown by clear and convincing evidence that the [Petitioner] is a danger to community." *Id.* at 4. Immigration Judge Masters wrote that "[t]he United States Supreme Court has repeatedly underscored the manner in which people who drive under the influence of alcohol endanger the welfare of the community, causing death and serious injury," citing to several Supreme Court cases discussing the danger of drunk driving. ECF No. 23-1 at 4.

From the Court's review of the record, it is undisputed that Petitioner's arrest for a DUI was not included in his Form I-213, and Respondents did not know the details of Petitioner's DUI arrest.[2] ECF No. 23 at 3-4. Instead, DHS relied upon testimony from Petitioner during his bond hearing. However, the record is devoid of evidence as to when this event occurred—whether it was weeks, months or years ago—and whether any conviction was sustained as a result of the arrest. Additionally, there is no evidence of an actual conviction. Nonetheless, IJ Masters makes her conclusion based on an arrest *and conviction.*

Petitioner challenges Immigration Judge Masters' conclusion that Respondents indeed satisfied the heightened "clear and convincing" standard. "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). Here, Respondents relied on Petitioner's oral testimony of his DUI arrest at the bond

---

[2] The parties were unable to obtain a transcript of the bond hearing. *See* ECF No. 23 at 3 n.2.

hearing, not the Form I-213, as evidence of his "danger" to the community. Immigration Judge Masters explained that drinking and driving has "inherently deadly consequences." ECF No. 23-1 at 4. She cited to case law, such as *Michigan Dep't of State Police v. Sitz*, 496 U.S. 444 (1990), which addresses the constitutionality of sobriety checkpoints based on a state's interest in preventing drunk driving. The Court agrees with Immigration Judge Masters' concern with drunk driving.

However, with respect to this case, the record is not clear as to the circumstances of Petitioner's alleged "drunk driving." From the Court's review, it is unclear when the DUI arrest occurred or whether Petitioner was truly convicted, because the information is not included in the Form I-213 and the transcript from the bond hearing itself is inaudible. When determining whether evidence is "clear and convincing," the Court looks to the record as a whole, not just the "collective memory" of the Petitioner. *See Martinez v. Hartley*, *Martinez v. Hartley*, No. 07-CV-01305-CMA-KMT, 2010 WL 3170770, at *7 (D. Colo. Aug. 10, 2010) (finding that relying on the petitioner's "collective memory" to demonstrate that the trial court was incorrect was not "clear and convincing evidence" but "review of the trial record" was appropriate). In this case, Petitioner testified that he was arrested for a DUI at some point in time, but the remainder of the record is unclear as to whether the circumstances of that arrest constitute "danger" to the community to satisfy the "clear and convincing" standard. Therefore, the Court agrees with Petitioner that Respondents did not satisfy their burden of proving by clear and convincing evidence that he is a danger to the community and that his bond hearing did not comply with the Court's orders.

The Court previously stated that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required [by the Court], Petitioner must be immediately released from detention." ECF No. 20 at 4-5. Because Respondents did not provide the ordered bond hearing and did not prove by clear and convincing evidence that Petitioner is a danger to the community, the Court finds the appropriate remedy is immediate release. *Mejia*, 2026 WL 1361514, at *5 (finding order of immediate release warranted because, "the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.").

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion to Enforce or, in the Alternative, for Alternative Ruling (ECF No. 23) is **GRANTED**;

2. Respondents failed to comply with the Court's order to provide Petitioner with a bond hearing by July 7, 2026, where Respondents shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

3. Because Respondents failed to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified, Respondents must immediately release Petitioner; and

4. On or before **July 24, 2026**, Respondents shall file a status report certifying compliance as to Petitioner's release.

6

DATED: July 22, 2026

BY THE COURT:

 

_____

REGINA M. RODRIGUEZ
United States District Judge